In a child custody proceeding pursuant to Family Court Act article 6, the subject child, Brenda E.G.E., appeals from an order of the Family Court, Westchester County (Klein, J.), dated December 12, 2011, which, without a hearing, in effect, denied her motion for the issuance of an order, inter alia, making special findings so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).
Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the motion is granted, it is declared that Brenda E.G.E. has been legally committed to, or placed under the custody of, an individual appointed by a State or juvenile court, and it is found that she is unmarried and under 21 years of age, that reunification with one or both of her parents is not viable due to parental neglect and abandonment, and that it would not be in the best interest of Brenda E.G.E. to return to El Salvador, her previous country of nationality or last habitual residence.
Brenda E.G.E., a native of El Salvador, is 16 years old and unmarried. Her father, whose whereabouts are unknown, abandoned her when she was six years old. Leaving Brenda in the care of her maternal grandmother, Brenda’s mother left El Salvador for the United States when Brenda was 12 years old, but continued to support Brenda financially. Brenda joined her mother in the United States in 2009. At that point, Brenda’s grandmother’s health had deteriorated significantly, and her neighborhood in El Salvador had become increasingly unsafe due to gang violence.
In 2010, Brenda’s mother petitioned the Family Court for sole custody of Brenda. At the custody hearing, the mother testified regarding Brenda’s father’s abandonment and neglect of Brenda. The Family Court granted Brenda’s mother’s unopposed petition.
*620 Thereafter, Brenda moved for the issuance of an order making special findings that would allow her to apply to the United States Citizenship and Immigration Services for special immigrant juvenile status — a gateway to lawful permanent residency in the United States. The motion was unopposed. Nevertheless, without a hearing, the Family Court denied the motion. It reasoned that Brenda was not entitled to such an order because her mother was available to care for her and had not abandoned her.
Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a “special immigrant” is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a State or juvenile court. Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile’s parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (see 8 USC § 1101 [a] [27] [J] [i]; Matter of Mohamed B., 83 AD3d 829, 831 [2011]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile’s best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; Matter of Mohamed B., 83 AD3d at 831; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
Brenda is under the age of 21 and unmarried. Inasmuch as the Family Court placed Brenda under her mother’s custody, Brenda has been “legally committed to, or placed under the custody of ... an individual or entity appointed by a State or juvenile court” within the meaning of 8 USC § 1101 (a) (27) (J) (i) (see Matter of Marcelina M.-G. v Israel S., 112 AD3d 100, 108-109 [2d Dept 2013]). Based upon our independent factual review, we find that the record, which includes a detailed affidavit from Brenda, fully supports Brenda’s contention that, because her father neglected and abandoned her, reunification with her father is not a viable option (see Matter of Mohamed B., 83 AD3d at 832; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 796). Contrary to the Family Court’s determination, the fact that Brenda’s mother did not also neglect and abandon her does not preclude the issuance of the order requested (see Matter of Marcelina M.-G. v Israel S., 112 AD3d 100, 111 [2d Dept 2013]). Lastly, the record reflects that it would not be in Brenda’s best interests to be returned to El Salvador (see Matter of Mohamed *621 B., 83 AD3d at 831-832; Matter of Alamgir A., 81 AD3d 937, 940 [2011]; Matter of M.C., NYLJ, Mar. 4, 2010 at 25, col 3 [Fam Ct, Suffolk County 2010]). Rivera, J.E, Angiolillo, Chambers and Roman, JJ., concur.