■ In the Matter of TOMMY E.H. SILVIA C., Appellant. [22 NYS3d 213]—

Appeal from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated September 5, 2014. The order, after a hearing, denied the mother's motion for the issuance of an order, inter alia, making special findings so as to enable the

subject child, Tommy E.H., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the mother's motion for the issuance of an order, inter alia, making special findings so as to enable the subject child, Tommy E.H., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J) is granted, it is declared that Tommy E.H. has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court, and it is found that he is unmarried and under 21 years of age, that reunification with one of his parents is not viable due to parental neglect and abandonment, and that it would not be in his best interests to return to El Salvador, his previous country of nationality and last habitual residence.

In April 2014, the mother filed a petition pursuant to Family Court Act article 6 for sole custody of her child, Tommy E.H. (hereinafter the child), for the purpose of obtaining an order, inter alia, making specific findings that he is unmarried and under 21 years of age, that reunification with one of his parents is not viable due to abandonment, neglect, or abuse, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the mother moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. In an order dated June 11, 2014, the Family Court awarded the mother sole custody of the child. In the order appealed from, dated September 5, 2014, the Family Court denied the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. "Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the

juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (*Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010] [citations omitted]).

Here, the child is under the age of 21 and unmarried, and has been "legally committed to, or placed under the custody of . . . an individual . . . appointed by a State or juvenile court" within the meaning of 8 USC § 1101 (a) (27) (J) (i) (*see Matter of Pineda v Diaz*, 127 AD3d 1203, 1204 [2015]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]). Further, based upon our independent factual review, we find that the record supports the mother's contentions that the child's reunification with his father was not viable due to neglect and abandonment (*see Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Mohamed B.*, 83 AD3d 829, 832 [2011]), and that it would not be in the best interests of the child to be returned to El Salvador (*see Matter of Miguel A.G.G. [Milton N.G.G.]*, 127 AD3d 858 [2015]; *Matter of Marisol N.H.*, 115 AD3d 185, 191 [2014]).

Accordingly, the Family Court should have granted the mother's motion for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. Inasmuch as the record is sufficient for this Court to make its own findings of fact and conclusions of law, the mother's motion is granted, we declare that the child has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court, and we find that the child is unmarried and under 21 years of age, that reunification with one of his parents is not viable due to parental abandonment, and that it would not be in his best interests to return to El Salvador (*see Matter of Gomez v Sibrian*, 133 AD3d 658 [2d Dept 2015]; *Matter of Diaz v Munoz*, 118 AD3d 989, 991 [2014]; *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d 100, 115 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795). Balkin, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.