■ In the Matter of FATIMA J.A.J. ANA A.J.S., Appellant; CARLOS E.A.F., Respondent. [27 NYS3d 89]—

Appeal from an order of the Family Court, Suffolk County (Martha L. Luft, J.), dated July 15, 2015. The order, after a hearing, in effect, denied the mother's motion for the issuance of an order, inter alia, making special findings so as to enable the subject child, Fatima J.A.J., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is reversed, on the law and the facts,

without costs or disbursements, the mother's motion for the issuance of an order, inter alia, making special findings so as to enable the subject child, Fatima J.A.J., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J) is granted, it is declared that Fatima J.A.J. has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court, and it is found that Fatima J.A.J. is unmarried and under 21 years of age, that reunification with one of her parents is not viable due to parental abandonment, and that it would not be in her best interests to return to El Salvador, her previous country of nationality and last habitual residence.

In September 2014, the mother filed a petition pursuant to Family Court Act article 6 to be appointed guardian of her daughter, Fatima J.A.J. (hereinafter the child), who was born in El Salvador. Thereafter, the mother moved for the issuance of an order, inter alia, making special findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). In an order dated May 12, 2015, the Family Court granted the guardianship petition. In the order appealed from, made after a hearing, the Family Court, in effect, denied the mother's motion for the issuance of an order making specific findings to enable the child to petition for SIJS.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101 [a] [27] [J] [i]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Here, the child is under the age of 21 and unmarried, and

has been "legally committed to, or placed under the custody of . . . an individual . . . appointed by a State or juvenile court" within the meaning of 8 USC § 1101 (a) (27) (J) (i) (*see Matter of Pineda v Diaz*, 127 AD3d 1203, 1204 [2015]). Further, based upon our independent factual review, we find that the record supports the mother's contention that the child's reunification with her father is not viable due to abandonment (*see Matter of Tommy E.H. [Silvia C.]*, 134 AD3d 840 [2015]; *Matter of Pineda v Diaz*, 127 AD3d at 1204), and that it would not be in the best interests of the child to be returned to El Salvador (*see Matter of Marisol N.H.*, 115 AD3d 185, 191 [2014]).

Accordingly, the Family Court should have granted the mother's motion for the issuance of an order making the requisite special findings so as to enable the child to petition for SIJS. Inasmuch as the record is sufficient for this Court to make its own findings of fact and conclusions of law, we grant the mother's motion, declare that the child has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court, and find that the child is unmarried and under 21 years of age, that reunification with one of her parents is not viable due to parental abandonment, and that it would not be in her best interests to return to El Salvador (*see Matter of Tommy E.H. [Silvia C.]*, 134 AD3d 840 [2015]). Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur.