◼ In the Matter of MARLENE G.H. MARIA G.G.U., Appellant; PEDRO H.P., Respondent. (Proceeding No. 1.) In the Mat-

ter of JOSE P.H. MARIA G.G.U., Appellant; PEDRO H.P., Respondent. (Proceeding No. 2.) [30 NYS3d 180]—

Appeals from two orders of the Family Court, Nassau County (Elaine Jackson Stack, J.H.O.), both dated December 17, 2014. The orders, respectively, without a hearing, in effect, denied the mother's motions for the issuance of an order, inter alia, making specific findings so as to enable the subject children, Marlene G.H. and Jose P.H., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the orders are reversed, on the law and the facts, without costs or disbursements, the mother's motions for the issuance of an order, inter alia, making specific findings so as to enable the subject children, Marlene G.H. and Jose P.H., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J), are granted, it is declared that Marlene G.H. and Jose P.H. are dependent on the Family Court, and it is found that they are unmarried and under 21 years of age, that reunification with one of their parents is not viable due to parental abandonment, and that it would not be in their best interests to return to El Salvador, their previous country of nationality and last habitual residence.

The mother filed petitions pursuant to Family Court Act article 6 to be appointed guardian of Marlene G.H. and Jose P.H. (hereinafter together the children). The petitions sought an order declaring that the children are dependent on the Family Court and making specific findings that they are unmarried and under 21 years of age, that reunification with one of their parents is not viable due to parental abandonment, and that it would not be in their best interests to be returned to El Salvador, their previous country of nationality and last habitual residence, so as to enable the children to petition the United States Citizenship and Immigration Services (hereinafter the USCIS) for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the mother moved for the issuance of an order making the requisite declaration and specific findings to enable the children to petition for SIJS. In two orders, both dated December 17, 2014, the Family Court denied the mother's motions for the issuance of an order, inter alia, making the requisite specific findings.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthori-

zation Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Here, the record supports the Family Court's findings that the children are under the age of 21 and unmarried, and that the children are dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court within the meaning of 8 USC § 1101 (a) (27) (J) (i) (*see Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795). The court erred, however, with respect to its recital of the element of "reunification." The law does not require a finding that reunification with one or both of a child's parents is viable, but that reunification with one or both of the parents is not viable due to abuse, neglect, abandonment, or a similar basis found under state law (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of Leslie J.D. [Maria A.A.G.—Sylvia D.]*, 136 AD3d 902 [2016]; *Matter of Haide L.G.M. v Santo D.S.M.*, 130 AD3d 734, 736 [2015]). We have the authority to make that finding, and upon our independent factual review of the record, we find that reunification of the children with their father is not a viable option due to abandonment (*see Matter of Fatima J.A.J. [Ana A.J.S.—Carlos E.A.F.]*, 137 AD3d 912 [2d Dept 2016]; *Matter of Dallas Keith M.*, 55 AD3d 612 [2008]), and that it would not be in the best interests of the children to be returned to El Salvador (*see Matter of Marisol N.H.*, 115 AD3d 185, 191 [2014]).

Accordingly, the Family Court should have granted the mother's motions for the issuance of an order making the requisite declaration and specific findings so as to enable the children to petition for SIJS. Inasmuch as the record is sufficient for this Court to make its own findings of fact and conclusions of law, the mother's motions are granted, we

declare that the children are dependent on the Family Court, and we find that the children are unmarried and under 21 years of age, that reunification with one of their parents is not viable due to parental abandonment, and that it would not be in their best interests to return to El Salvador (*see Matter of Tommy E.H. [Silvia C.]*, 134 AD3d 840 [2015]). Dillon, J.P., Leventhal, Chambers and Barros, JJ., concur.