◾ In the Matter of VICTOR C.-G., Petitioner, v SANTOS C.-T., Respondent. ARNOLDO B.G.-C., Nonparty Appellant. [34 NYS3d 117]—

Appeal from an order of the Family Court, Queens County (Julie Stanton, Ct. Atty. Ref.), dated May 8, 2015. The order, after a hearing, denied the motion of the subject child, Arnoldo B.G.-C., for the issuance of an order, inter alia, making specific findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is affirmed, without costs or disbursements.

In May 2014, the petitioner filed a petition pursuant to Family Court Act article 6 to be appointed guardian of his cousin, Arnoldo B.G.-C. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law, and that it would not be in his best interests to be returned to Guatemala, his native country and country of last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the child moved for the issuance of an order making the requisite declaration and specific findings so as to enable him to petition for SIJS. Following a hearing, the Family Court denied the motion.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101 [a] [27] [J] [i]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Based upon our independent factual review, the record establishes that the child's father is deceased, and therefore, reunification is not possible (*see Matter of Luis R. v Maria Elena G.*, 120 AD3d 581, 582 [2014]). Since the statutory reunification requirement may be satisfied upon a finding that reunification is not viable with just one parent, we need not address the child's contention that the record supports the conclusion that his reunification with his mother was not a viable option (*see id.* at 582). However, the record does not support a finding that it would not be in the child's best interests to be returned to his native country and country of last habitual residence, where his mother lives (*see Matter of Malkeet S.*, 137 AD3d 799 [2016]).

Accordingly, the Family Court properly denied the child's motion for the issuance of an order, inter alia, making specific findings so as to enable him to petition for SIJS. Mastro, J.P., Dickerson, Austin and Roman, JJ., concur.