■ In the Matter of MARISELA CASTELLANOS, Appellant, v LUIS A. RECARTE, Respondent. [36 NYS3d 217]—

Appeal by the mother from an order of the Family Court, Nassau County (Danielle M. Peterson, J.), dated October 1, 2015. The order, without a hearing, dismissed the mother's petition for custody of the subject children and, in effect, for an order making special findings so as to enable the subject children to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is reversed, on the law, without costs

or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for a hearing and a new determination thereafter of the petition for custody of the subject children and, in effect, for an order making special findings so as to enable the subject children to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

On or about August 28, 2015, the mother filed a petition pursuant to Family Court Act article 6 seeking sole custody of her two children, who were then ages 15 and 12. In her verified petition, she stated that the father died in 2004, she and the children moved from Honduras to the United States in 2014, and the children were pursuing special immigrant juvenile status (hereinafter SIJS) as a means to obtain lawful permanent residency status in the United States (*see generally* 8 USC § 1101 [a] [27] [J]; *Matter of Marisol N.H.*, 115 AD3d 185, 188-191 [2014]). Her petition was unopposed. When the mother appeared with counsel, the Family Court dismissed her custody petition on the sole ground that it was unnecessary since she already had custody by operation of law.

The mother appeals, arguing, among other things, that the Family Court erred in dismissing her custody petition, and that an order of custody will enable the children to seek SIJS so that they are not "deported to a violent and chaotic country where they have neither mother nor father."

SIJS is a form of immigration relief that affords undocumented children a pathway to lawful permanent residency and citizenship (*see Matter of Marisol N.H.*, 115 AD3d at 188; *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d 100, 106-107 [2013]). Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of Marisol N.H.*, 115 AD3d at 188; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last

habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]). "Only once a state juvenile court has issued this factual predicate order may the child, or someone acting on his or her behalf, petition the United States Citizenship and Immigration Services [hereinafter USCIS] for SIJS" (*Matter of Marisol N.H.*, 115 AD3d at 188-189, citing 8 CFR 204.11 [d]; *see Matter of Hei Ting C.*, 109 AD3d 100, 104-105 [2013]). Ultimately, the determination of whether to grant SIJS to a particular juvenile rests with USCIS and its parent agency, the Department of Homeland Security. Thus, when making the requisite SIJS findings, the state or juvenile court is not actually "rendering an immigration determination" (*Matter of Marcelina M.-G. v Israel S.*, 112 AD3d at 109; *see Matter of Marisol N.H.*, 115 AD3d at 188-189; *H.S.P. v J.K.*, 223 NJ 196, 212, 121 A3d 849, 859 [2015]).

In New York, a child's parent or guardian may request that the Family Court issue an order making special findings so that the child may petition USCIS for SIJS (*see Matter of Hei Ting C.*, 109 AD3d at 104). This relief may be sought in the context of a Family Court Act article 6 custody proceeding (*see e.g. Matter of Ramirez v Palacios*, 136 AD3d 666 [2016]; *Matter of Tommy E.H. [Silvia C.]*, 134 AD3d 840, 841-842 [2015]), or a Family Court Act article 6 guardianship proceeding (*see e.g. Matter of Anibal H. [Maria G.G.H.]*, 138 AD3d 841 [2016]; *Matter of Cecilia M.P.S. v Santos H.B.*, 116 AD3d 960, 961 [2014]).

Here, although the mother was presumptively entitled to custody of the children as their surviving parent (*see* Domestic Relations Law § 81; *Baker v Bronx Lebanon Hosp. Ctr.*, 53 AD3d 21, 25 [2008]; *Matter of Pernice v Cote*, 116 AD2d 945, 946 [1986]; Alan D. Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 81; *cf. Matter of Pettaway v Savage*, 87 AD3d 796 [2011]), "[a] natural parent has standing to seek legal custody of his or her child" (*Matter of Sanchez v Bonilla*, 115 AD3d 868, 869 [2014]; *see* Domestic Relations Law § 70 [a]; Family Ct Act § 511; *Debra H. v Janice R.*, 14 NY3d 576 [2010]), and "[u]nopposed petitions for custody brought by a natural parent have been granted" for SIJS purposes (*Matter of Marisol N.H.*, 115 AD3d at 190, citing *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619 [2013]).

Accordingly, the Family Court should not have dismissed the custody petition without conducting a hearing and considering the children's best interests. Instead, the court should have

proceeded to conduct a hearing on the petition, which sought a custody order as well as an order making the requisite declaration and special findings so as to enable the children to petition for SIJS (*see Matter of Cecilia M.P.S. v Santos H.B.*, 116 AD3d at 961; *Matter of Marisol N.H.*, 115 AD3d at 188, 190-192; *cf. Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 619-620). Mastro, J.P., Austin, Sgroi and Maltese, JJ., concur.