■ In the Matter of ANY MILEYBI GALEANO JIMENEZ, Appellant, v GREGORIO BARRERA PEREZ, Respondent. [42 NYS3d 248]—

Appeal by the mother from an order of the Family Court, Nassau County (Robin M. Kent, J.), dated April 27, 2016. The order, without a hearing, dismissed her custody petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for a hearing and a new determination thereafter of the petition for custody of the subject child and, if warranted, an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

In April 2016, the mother filed a petition pursuant to Family Court Act article 6 for sole custody of the subject child for the purpose of obtaining an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant

juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). In an order dated April 27, 2016, the Family Court dismissed the petition, without a hearing, on the ground that the alleged father's paternity had not been established.

The Family Court erred in dismissing the petition in which the mother sought to be awarded sole custody of the subject child. A natural parent may seek legal custody of his or her child (*see* Domestic Relations Law § 70 [a]; Family Ct Act § 511; *Matter of Sanchez v Bonilla*, 115 AD3d 868 [2014]; SCPA 1703), irrespective of whether the natural parent is presumptively entitled to custody of the child (*see Matter of Castellanos v Recarte*, 142 AD3d 552, 554 [2016]). Thus, the mere fact that paternity has not been established for the putative father does not preclude the mother's custody petition or the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for SIJS pursuant to 8 USC § 1101 (a) (27) (J) (*see Matter of Haide L.G.M. v Santo D.S.M.*, 130 AD3d 734 [2015]; *Matter of Miguel C.-N. [Hosman C.-N.—Cruz Ermelinda C.-N.]*, 119 AD3d 562 [2014]; *Matter of Diaz v Munoz*, 118 AD3d 989 [2014]).

Accordingly, since the Family Court dismissed the custody petition without conducting a hearing or considering the child's best interests, the matter must be remitted to the Family Court, Nassau County, for a hearing and a new determination thereafter of the petition for custody of the subject child and, if warranted, an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for SIJS pursuant to 8 USC § 1101 (a) (27) (J) (*see Matter of Castellanos v Recarte*, 142 AD3d at 554-555; *Matter of Juana A.C.S. v Dagoberto D.*, 114 AD3d 689 [2014]). Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.