■ In the Matter of ENIS A.C.M., Nonparty Appellant. BLANCA E.M., Appellant; CARLOS V.C.P., Respondent. [59 NYS3d 396]—

Appeals by the mother and the subject child from an order of the Family Court, Suffolk County (Philip Goglas, J.), dated November 3, 2016. The order, after a hearing, denied the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J) is granted, and it is found that reunification of the child with one of her parents is not viable due to parental abandonment, and that it would not be in the child's best interests to return to El Salvador, her previous country of nationality and last habitual residence.

In August 2015, the child filed a petition pursuant to Family Court Act article 6 to have her mother appointed her guardian. Thereafter, the mother moved for the issuance of an order declaring that the child is dependent on the Family Court and making specific findings that she is unmarried and under 21 years of age, that reunification with the father is not viable due to abandonment, and that it would not be in the child's best interests to be returned to El Salvador, her previous country of nationality and last habitual residence, so as to enable the child to petition the United States Citizenship and Immigration Services (hereinafter USCIS) for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J).

In an order dated October 3, 2016, the Family Court granted the guardianship petition. In an order dated November 3, 2016, made after a hearing, the Family Court denied the mother's motion for an order making the requisite specific findings.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court (*see* 8 USC § 1101 [a] [27] [J] [i]). The appointment of a guardian constitutes the necessary declaration of dependency on a juvenile court (*see Matter of Sing W.C. [Sing Y.C.—Wai M.C.]*, 83 AD3d 84, 86 [2011]; *Matter of Jisun L. v Young Sun P.*, 75 AD3d 510, 512 [2010]). Additionally, for a juvenile to qualify for SIJS, a state juvenile court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of Castellanos v Recarte*, 142 AD3d 552, 553 [2016]; *Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.]*, 121

AD3d 892, 893 [2014]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795). "Only once a state juvenile court has issued this factual predicate order may the child, or someone acting on his or her behalf, petition the [USCIS] for SIJS" (*Matter of Marisol N.H.*, 115 AD3d 185, 188-189 [2014], citing 8 CFR 204.11 [d]; *see Matter of Castellanos v Recarte*, 142 AD3d at 554). Ultimately, the determination of whether to grant SIJS to a particular juvenile rests with USCIS and its parent agency, the Department of Homeland Security. Thus, when making the requisite SIJS findings, the state or juvenile court is not actually "rendering an immigration determination" (*Matter of Marcelina M.-G. v Israel S.*, 112 AD3d 100, 109 [2013]; *see Matter of Castellanos v Recarte*, 142 AD3d at 554; *Matter of Marisol N.H.*, 115 AD3d at 188-189).

Here, when the Family Court issued the order appealed from, the child was under the age of 21 and, contrary to certain observations contained in the order appealed from, the record demonstrates that she was unmarried. Further, she is dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court within the meaning of 8 USC § 1101 (a) (27) (J) (i) (*see Matter of Marlene G.H. [Maria G.G.U.—Pedro H.P.]*, 138 AD3d 843, 845 [2016]).

Based upon our independent factual review, we find that reunification of the child with her father is not a viable option due to parental abandonment (*see Matter of Alejandro V.P. v Floyland V.D.*, 150 AD3d 741, 743 [2017]; *Matter of Marlene G.H. [Maria G.G.U.—Pedro H.P.]*, 138 AD3d at 845; *Matter of Anibal H. [Maria G.G.H.]*, 138 AD3d 841, 843 [2016]; *Matter of Fatima J.A.J. [Ana A.J.S.—Carlos E.A.F.]*, 137 AD3d 912, 914 [2016]; *Matter of Saul A.F.H. v Ivan L.M.*, 118 AD3d 878, 879 [2014]; *cf. Matter of Nelson R.N.C. v Maria G.V.P.*, 147 AD3d 824 [2017]), and that it would not be in her best interests to return to El Salvador (*see Matter of Anibal H. [Maria G.G.H.]*, 138 AD3d at 843).

Accordingly, the Family Court should have granted the mother's motion for the issuance of an order making the requisite special findings so as to enable the child to petition for SIJS. Inasmuch as the record is sufficient for this Court to make its own findings of fact and conclusions of law, we grant the mother's motion, declare that the child has been legally

committed to, or placed under the custody of, an individual appointed by a state or juvenile court, and find that, when the Family Court issued the order appealed from, the child was unmarried and under 21 years of age, that reunification of the child with one of her parents is not viable due to parental abandonment, and that it would not be in her best interests to return to El Salvador, her previous country of nationality and last habitual residence (*see Matter of Fatima J.A.J. [Ana A.J.S.—Carlos E.A.F.]*, 137 AD3d at 914). Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.