Matter of Nelson A. G.-L. (Maria Y. G. S.) (2018 NY Slip Op 00289)





Matter of Nelson A. G.-L. (Maria Y. G. S.)


2018 NY Slip Op 00289


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-07468
 (Docket No. G-20692-16)

[*1]In the Matter of Nelson A. G.-L. (Anonymous).
and
Maria Y. G. S., appellant.


Immigration Legal Services of Long Island, Inc., Water Mill, NY (Carlos Piovanetti and Patricia Weiss of counsel), for appellant.
Laurette Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
Appeal from an order of the Family Court, Suffolk County (George F. Harkin, J.), dated July 31, 2017. The order, insofar as appealed from, after a hearing, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is reversed insofar as appealed from, on the facts, without costs or disbursements, the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, and it is found that reunification of the subject child with his parents is not viable due to parental neglect and abandonment.
In December 2016, Maria Y. G. S. (hereinafter the petitioner) filed a petition pursuant to Family Court Act article 6 to be appointed as guardian of Nelson A. G.-L. (hereinafter the child), a native of El Salvador, for the purpose of obtaining an order declaring that the child was dependent on the Family Court and making specific findings that he was unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental neglect and abandonment, and that it would not be in his best interests to be returned to his previous country of nationality and last habitual residence, so as to enable the child to petition the United States Citizenship and Immigration Services (hereinafter USCIS) for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. In an order dated July 31, 2017, made after a hearing, the court, inter alia, denied the petitioner's motion on the basis that, although the child was under 21, unmarried, and dependent on the Family Court, and that it was not in his best interests to be returned to El Salvador, the evidence did not establish that reunification of the child with one or both of his parents was not viable due to parental neglect and abandonment. The petitioner appeals.
"Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court" (Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795; see Matter of Gurwinder S., 155 AD3d 959; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620). "Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.], 121 AD3d 892, 893; see Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
"Only once a state juvenile court has issued this factual predicate order may the child, or someone acting on his or her behalf, petition the [USCIS] for SIJS" (Matter of Marisol N.H., 115 AD3d 185, 188-189). "Ultimately, the determination of whether to grant SIJS to a particular juvenile rests with USCIS and its parent agency, the Department of Homeland Security" (Matter of Enis A.C.M. [Blanca E.M.—Carlos V.C.P.], 152 AD3d 690, 692). Consequently, the state or juvenile court is not making an immigration determination when it makes the requisite SIJS findings (see id. at 692).
Based upon our independent factual review, we conclude that the record supports a finding that reunification of the child with one or both of his parents is not viable due to parental neglect and abandonment (see Matter of Dennis X.G.D.V., 153 AD3d 628, 630; Matter of Enis A.C.M. [Blanca E.M.—Carlos V.C.P.], 152 AD3d at 692; Matter of Oscar J.L.J. [Segundo R.L.T.], 151 AD3d 969). The child testified that, while in El Salvador, although he was approached by gang members to join their gang during his walk to school, his parents did not make any arrangements for his transportation to and from school to ensure his safety or do anything to deter such recruitment activities although aware of such activities and the fact that a neighborhood boy, who resisted the gang's efforts, was killed while traveling to another village (see Matter of Dennis X.G.D.V., 153 AD3d at 630). Moreover, the child testified that his parents strongly encouraged him to leave the family home in El Salvador but did not provide alternate living arrangements and have not supported him since his arrival in New York.
Accordingly, the Family Court should have granted the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. Since the record is sufficient for this Court to make its own findings of fact and conclusions of law, we find that reunification of the child with one or both of his parents is not viable due to parental neglect and abandonment.
AUSTIN, J.P., SGROI, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court