Matter of Jose YY. (Ericza K.) (2018 NY Slip Op 00375)





Matter of Jose YY. (Ericza K.)


2018 NY Slip Op 00375


Decided on January 18, 2018


Appellate Division, Third Department


Lynch, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

525486

[*1]In the Matter of the Guardianship of JOSE YY., an Infant. ERICZA K., Petitioner. JOSE YY., Appellant.

Calendar Date: January 8, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Wilson Elser Moskowitz Edelman & Decker LLP, New York City (Judy C. Selmeci of counsel) and James Tourangeau, Safe Passage Project, New York City, for appellant.
Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York City (Jacqueline P. Rubin of counsel), for Kids in Need of Defense, amicus curiae.


Lynch, J.

Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered November 14, 2016, which, in a proceeding pursuant to Family Ct Act article 6, denied Jose YY.'s motion for a special findings order pursuant to 8 USC § 1101 (a) (27) (J).
In November 2015, Family Court granted the petition of Ericza K. and appointed her as the permanent guardian of her brother, Jose YY., born in 2000 (hereinafter the child). In April 2016, the child moved for a threshold order that would
enable him to petition the United States Citizenship and Immigration Services (hereinafter USCIS) for special immigrant juvenile status (hereinafter SIJS) which, in turn, would enable him to obtain lawful permanent residency in the United States (see 8 USC §§ 1101 [a] [27] [J]; 1153 [b] [4]; 8 CFR 204.11). A child seeking SIJS from USCIS must first obtain a special findings order from a state court with jurisdiction over the juvenile, which must determine that (1) the child is under 21 years of age, (2) the child is unmarried, (3) the child is dependent upon a juvenile court or legally committed to an individual appointed by that court, (4) reunification with one or both parents is not viable due to abuse, neglect, abandonment or a similar basis under state law, and (5) it would not be in the child's best interests to be returned to his or her native country (see 8 USC § 1101 [a] [27] [J] [i] [ii]). Upon such an application, the role of Family Court is to render specific findings as to the above criteria, with the ultimate determination as to [*2]whether to grant SIJS to a child to be made by USCIS and its parent agency, the Department of Homeland Security (see Matter of Castellanos v Recarte, 142 AD3d 552, 553-554 [2016]). Correspondingly, it is not Family Court's role to render an immigration determination (see id.). Following a brief hearing, Family Court denied the child's motion. The child appeals [FN1].
We reverse. There is no dispute that the child was under the age of 21 and unmarried when he filed the motion at issue. Family Court denied the application upon finding that he failed to meet the third, fourth and fifth factors. The court erred on each count. The third factor of dependency was established by virtue of the court having already appointed a permanent guardian for the child (see Matter of Fifo v Fifo, 127 AD3d 748, 749 [2015]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 794-795 [2010]). The record further establishes that both parents are deceased making reunification impossible. This orphan status, effectively leaving the child abandoned and/or a destitute child, falls within the "similar basis" category of factor four (see
Family Ct Act §§ 1012 [e], [f]; 1092 [a] [1]; Matter of Carlos A.M. v Maria T.M., 141 AD3d 526, 528 [2016]; Matter of Victor
C.-G. v Santos C.-T., 140 AD3d 951, 953 [2016]; Matter of Luis R. v Maria Elena G., 120 AD3d 581, 582 [2014]). As for the fifth factor, we conclude, upon our independent review of the record, that returning the child to Honduras would not be in his best interests (see Matter of Luis R. v Maria Elena G., 120 AD3d at 582-583). The child testified that his father died in 2003 and his mother in 2012, and their death certificates are consistent with such testimony. After his mother's death, he lived with an older sister who operated a billiards business, where the child was fearful and exposed to people smoking, drinking and using cocaine in his presence. That sister has since relocated to Virginia, and the child no longer has family residing in Honduras. In sharp contrast, his guardian has provided a stable home for the child where he feels safe and is attending school. Given the above, the child's motion for a special findings order should have been granted.
Egan Jr., J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion granted, and it is hereby declared, in accordance with 8 USC § 1101 (a) (27) (J), that: (1) the child is under 21 years of age; (2) the child is unmarried; (3) the child is dependent upon Family Court due to the November 2015 guardianship order issued pursuant to Family Ct Act § 661; (4) reunification of the child with his parents is impossible since both parents are deceased, which, under state law, leaves the child abandoned or in the alternative, makes him a destitute child, a state basis similar to abandonment; and (5) it is not in the child's best interests to be returned to Honduras.



Footnotes

Footnote 1: This Court granted permission to Kids in Need of Defense to file an amicus brief.