Matter of Rina M. G.C. (Oscar L.G.--Ana M. C.H.) (2019 NY Slip Op 01407)





Matter of Rina M. G.C. (Oscar L.G.--Ana M. C.H.)


2019 NY Slip Op 01407


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-09185
 (Docket No. G-11879-14)

[*1]In the Matter of Rina M. G.C. (Anonymous). Oscar L.G. (Anonymous), appellant; Ana M. C.H. (Anonymous), respondent.


Bruno J. Bembi, Hempstead, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Christopher Pizzolo, Ct. Atty. Ref.), dated June 29, 2018. The order, insofar as appealed from, denied the father's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the father's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, and it is found that reunification of the child with her mother is not viable due to parental abandonment, and that it would not be in the child's best interests to return to El Salvador, her previous country of nationality and last habitual residence.
In November 2014, the father filed a petition pursuant to Family Court Act article 6 to be appointed as guardian of Rina M. G. C. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that she is unmarried and under 21 years of age, that reunification of the child with the mother is not viable due to parental abandonment, and that it would not be in the best interests of the child to be returned to El Salvador, her previous country of nationality and last habitual residence, so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Thereafter, the father moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS.
In an order dated March 13, 2015, the Family Court granted the guardianship petition. However, in an order dated March 15, 2016, the court denied the father's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS, on the ground that the child "no longer lives with either parent." Thereafter, the father again moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. In an order dated June 29, 2018, the court, among other things, denied the father's second motion for the issuance of an order, inter alia, making specific findings so as to [*2]enable the child to petition for SIJS, based upon the doctrine of the law of the case. The father appeals from the order dated June 29, 2018.
Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant juvenile is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a child to qualify for SIJS, a court must find that reunification of the child with one or both parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101[a][27][J][i]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795), and that it would not be in the child's best interests to be returned to his or her previous country of nationality or country of last habitual residence (see 8 USC § 1101[a][27][J][ii]; 8 CFR 204.11[c][6]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
Here, although the father had previously unsuccessfully moved for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS in a prior motion, "[t]he doctrine of the law of the case does not bind appellate courts, and thus, this Court is not bound by the law of the case established by the prior determination" (Lee v Allen, 165 AD3d 907, 908 [internal quotation marks omitted]). Further, contrary to the Family Court's determination, the issuance of an order making the requisite declaration and specific findings to enable a child to petition for SIJS is not dependent on the child living with either parent.
This Court's power to review the evidence is as broad as that of the hearing court, and where, as here, the record is sufficiently complete to make our own factual determinations, we may do so (see Matter of Denia M.E.C. v Carlos R.M.O., 161 AD3d 853, 855). Based upon our independent factual review, we find that the record establishes that the child met the age and marital status requirements for special immigrant status (see Matter of Enis A.C.M. [Blanca E.M.—Carlos V.C.P.], 152 AD3d 690, 692-693), and the dependency requirement has been satisfied by the granting of the father's guardianship petition prior to the child's 21st birthday (see Matter of Miguel A.G.G. [Milton N.G.G.], 127 AD3d 858; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795). Further, we find that reunification of the child with her mother is not a viable option due to parental abandonment (see Matter of Enis A.C.M. [Blanca E.M.—Carlos V.C.P.], 152 AD3d 690; Matter of Marlene G.H. [Maria G.G.U.—Pedro H.P.], 138 AD3d 843; Matter of Fatima J.A.J. [Ana A.J.S.—Carlos E.A.F.], 137 AD3d 912; see also Matter of Dallas Keith M., 55 AD3d 612). The record reflects that after the child came to the United States in February 2014, she did not live with the mother because the "mother did not want to support her," and that the child lived in close proximity to the mother, but the mother only visited the child once, in March 2014, and did not visit or even contact the child from that time through the time the father made the subject motion in April 2018. We also find that the record supports a finding that it would not be in the best interests of the child to return to El Salvador, her previous country of nationality or country of last habitual residence. The record reflects that the child was threatened by gang members in El Salvador while walking home from school, that the gang members "wanted to recruit [the child] and have her sell drugs" and told her that "she had to join them or they would murder her and her family," that the gang members started texting her to "extort money from her," that the child was sent to live with a family friend, but the threats continued, and that the child left El Salvador to escape from the gangs (see Matter of Argueta v Santos, 166 AD3d 608; Matter of A.M.G. v Gladis A.G., 162 AD3d 768).
Accordingly, the father's motion for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS is granted. Since the record is sufficient for this Court to make its own findings of fact and conclusions of law, we find that the child is eligible to petition for SIJS status, that reunification of the child with her mother is not viable due to parental abandonment, and that it would not be in the best interests of the child to return to El Salvador.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court