Matter of Linares-Mendez v Cazanga-Payes (2020 NY Slip Op 02790)





Matter of Linares-Mendez v Cazanga-Payes


2020 NY Slip Op 02790


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-06678
 (Docket No. V-817-19)

[*1]In the Matter of Eva M. Linares-Mendez, appellant,
v
Carlos Rodrigo Cazanga-Payes, respondent.


Jessica Lazo, New York, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated March 25, 2019. The order, without a hearing, dismissed the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Dutchess County, for a hearing and a new determination of the petition thereafter.
In February 2019, the mother filed a petition pursuant to Family Court Act article 6 for sole custody of the subject child for the purpose of obtaining an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Carlos Rodrigo Cazanga-Payes was named as the respondent on the petition, and the petition alleged that Cazanga-Payes was the child's father. In an order dated March 25, 2019, the Family Court, upon noting that the mother's petition contained information regarding the identity of the child's father that was inconsistent with representations made by the mother in a prior custody proceeding, summarily dismissed the petition, with prejudice, on the ground that Cazanga-Payes's paternity had not been established. The mother appeals.
The Family Court should not have summarily dismissed the petition based on the mother's failure to establish Cazanga-Payes's paternity. A natural parent may seek legal custody of his or her own child (see Matter of Sanchez v Bonilla, 115 AD3d 868, 869), and the mere fact that Cazanga-Payes's paternity has not been established does not preclude the mother's custody petition (see Matter of Olga L.G.M. [Santos T.F.], 164 AD3d 1341, 1342; Matter of Jimenez v Perez, 144 AD3d 1036, 1037). Insofar as the petition contained allegations that appeared to be inconsistent with those made in a prior custody petition, the court should have afforded the mother an opportunity to explain those inconsistencies, rather than summarily dismissing the petition with prejudice and without considering the child's best interests.
Accordingly, we remit the matter to the Family Court, Dutchess County, for a hearing and a new determination of the petition thereafter (see Matter of Jimenez v Perez, 144 AD3d at 1037; Matter of Maria E.S.G. v. Jose C.G.L., 114 AD3d 677, 678).
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court