Matter of Eddy A. P. C. (Maria G. C. S.) (2024 NY Slip Op 02187)

Matter of Eddy A. P. C. (Maria G. C. S.)

2024 NY Slip Op 02187

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-07300
 (Docket Nos. G-5192-23, G-5196-23)

[*1]In the Matter of Eddy A. P. C. (Anonymous), appellant; Maria G. C. S. (Anonymous), et al., respondents. (Proceeding No. 1)
In the Matter of Cleidy F. P. C. (Anonymous), appellant; Maria G. C. S. (Anonymous), et al., respondents. (Proceeding No. 2)

Jones Day, New York, NY (Jennifer Del Medico, Jack L. Millman, and Graziella Pastor of counsel), for appellants.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the subject children appeal from an order of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated June 28, 2023. The order, after a hearing, denied the subject children's motion for the issuance of an order, inter alia, making specific findings so as to enable them to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is reversed, on the facts, without costs or disbursements, the subject children's motion for the issuance of an order, inter alia, making specific findings so as to enable them to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, and it is found that reunification of the subject children with their mother is not viable due to parental abandonment and neglect and that it would not be in the best interests of the subject children to return to Guatemala, their previous country of nationality and last habitual residence.
In March 2023, the subject children, Eddy A. P. C. and Cleidy F. P. C., who arrived in the United States from Guatemala in 2019, filed separate petitions pursuant to Family Court Act article 6 seeking to have their father appointed as their guardian. Thereafter, the children moved for the issuance of an order declaring that they were dependent on the Family Court and making specific findings that they are unmarried and under 21 years of age, that reunification with their mother was not viable due to parental neglect, and that it would not be in their best interests to be returned to Guatemala, their previous country of nationality and last habitual residence, so as to enable them to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). The court appointed the father as guardian of the children. However, in an order dated June 28, 2023, the court, after a hearing, found neglect on the part of the mother, but denied the children's motion on the ground that they failed to establish [*2]that reunification with their mother was not viable. The children appeal.
"'Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a 'special immigrant' is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court'" (Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d 752, 753, quoting Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795). "'Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d at 753, quoting Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; see 8 USC § 1101[a][27][J]; 8 CFR 204.11[c]).
"'While the credibility assessment of a hearing court is accorded considerable deference on appeal, where, as here, the Family Court's credibility determination is not supported by the record, this Court is free to make its own credibility assessments and overturn the determination of the hearing court'" (Matter of Norma U. v Herman T.R.F., 169 AD3d 1055, 1056-1057, quoting Matter of Dennis X.G.D.V., 158 AD3d 712, 714). Here, the petitions were granted prior to the children's 21st birthdays (see Matter of Juan R.E.M. [Juan R.E.], 154 AD3d 725), the children are unmarried, and since the Family Court appointed the father as the children's guardian, the children are dependent on a juvenile court within the meaning of 8 USC § 1101(a)(27)(J)(i) (see Matter of Jose E.S.G. [Meija —Salguero], 193 AD3d 856; Matter of Grechel L.J., 167 AD3d 1011, 1013). Based upon our independent review, the record supports a finding that reunification of the children with their mother is not viable due to the mother's abandonment of the children. The record reflects that the mother provided little to no emotional support to the children while in Guatemala before the mother abandoned the children entirely by moving to the United States and after the children arrived in the United States, the mother continued to neglect the children (see Matter of Rina M.G.C. [Oscar L.G.—Ana M.C.H.], 169 AD3d 1031, 1033; Matter of Enis A.C.M. [Blanca E.M.—Carlos V.C.P.], 152 AD3d 690). The record further reflects that the mother failed to protect the children from gang violence in Guatemala and did not provide emotional support with regard to the threat of gang violence (see Matter of Victor R.C.O. [Canales], 172 AD3d 1071). Further, the record supports a finding that it would not be in the best interests of the children to return to Guatemala, their previous country of nationality and country of last habitual residence (see Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d at 754; Matter of Keilyn GG. [Marlene HH.], 159 AD3d 1295, 1297).
Accordingly, the Family Court should have granted the children's motions for the issuance of an order, inter alia, making the requisite declaration and specific findings so as to enable them to petition for SIJS.
DUFFY, J.P., MILLER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court