■ In the Matter of Luis R., Appellant, v Maria Elena G., Respondent. [990 NYS2d 851]—

In a guardianship proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Singer, J.), dated July 31, 2013, which, upon the granting of the guardianship petition in an order of the same court dated April 16, 2013, and after a hearing, in effect, denied his motion for the issuance of an order declaring that the subject child, Cristian F.M.G., is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law, and that it would not be in his best interests to be returned to his previous country of nationality or last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petitioner's motion is granted, it is declared that Cristian F.M.G. is dependent on the Family Court, and it is found that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under state law, and that it would not be in his best interest to return to El Salvador, his previous country of nationality and last habitual residence.

In August 2012, the petitioner filed a petition pursuant to Family Court Act article 6 for custody of his nephew, Cristian F.M.G. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court

and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under state law, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. In an order dated April 16, 2013, the Family Court granted the guardianship petition. In an order dated July 31, 2013, made after a hearing, the Family Court, in effect, denied the petitioner's motion.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 [Pub L 110-457, 122 US Stat 5044]) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (see 8 USC § 1101 [a] [27] [J] [i]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620 [2013]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).

This Court's power to review the evidence is as broad as that of the hearing court, and where, as here, the record is sufficiently complete to make our own factual determinations, we may do so (see Matter of Gabriel H.M. [Juan B.F.], 116 AD3d 855, 857 [2014]; Matter of Kamaljit S., 114 AD3d 949 [2014]). Based upon our independent factual review, the record establishes that the child's father is deceased, and therefore, reunification is not possible (see Matter of Cristal M.R.M., 118 AD3d 889 [2014]). Since the statutory reunification requirement may be satisfied upon a finding that reunification is not viable with just one parent, we need not address the petitioner's

contention that the record supports the conclusion that the child's reunification with his mother was not a viable option (*see Matter of Gabriel H.M. [Juan B.F.]*, 116 AD3d at 857; *Matter of Marcelina.M.-G. v Israel S.*, 112 AD3d 100, 110-113 [2013]). We further find that the record reflects that it would not be in the child's best interests to be returned to El Salvador.

Thus, the Family Court erred by, in effect, denying the petitioner's motion for the issuance of an order making the requisite declaration and special findings so as to enable the child to petition for SIJS. Since the record is sufficient for this Court to make its own findings of fact and conclusions of law, we declare that the child is dependent on a juvenile court, and we find that the child is unmarried and under 21 years of age, that reunification of the child with one or both of his parents is not viable due to the death of his father, and that it would not be in the best interests of the child to be returned to El Salvador. Dickerson, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.