■ In the Matter of ENA S.Y. MARTHA R.Y., Appellant; ANTONIO S., Respondent. [34 NYS3d 99]—

Appeal from an order of the Family Court, Nassau County (Robin M. Kent, J.), dated July 1, 2015. The order, insofar as appealed from, after a hearing, denied that branch of the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child, Ena S.Y., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J) which sought a finding that reunification of the child, Ena S.Y., with one of her parents is not viable due to parental abuse, neglect, or abandonment.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, that branch of the mother's motion which sought a finding that reunification of the child, Ena S.Y., with one of her parents is not viable due to parental neglect is granted, and it is found that reunification of the child, Ena S.Y., with one of her parents is not viable due to parental neglect.

In April 2015, the mother filed a petition pursuant to Family Court Act article 6 to be appointed guardian of her daughter, Ena S.Y. (hereinafter the child), and moved for the issuance of an order declaring that the child is dependent on the Family Court and making specific findings that she was unmarried and under 21 years of age, that reunification with her father was not viable due to parental abandonment, abuse, or neglect, and that it would not be in her best interests to be returned to Honduras, her previous country of nationality and last habitual residence, so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). The Family Court granted the guardianship petition and thereafter held a hearing on the mother's motion for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC

§ 1101 [a] [27] [J] [i]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Here, following the hearing, the Family Court found that the child was under 21 years of age, unmarried, and dependent on the Family Court, and that it would not be in her best interests to return to Honduras. However, the court denied the motion on the ground that the mother failed to establish that reunification of the child with her father is not viable due to parental abuse, neglect, or abandonment. We disagree.

At the hearing, the mother testified that when she and the father were living together with the child, the father would physically mistreat her in the presence of the children. The mother further testified that she and the father separated on or about December 31, 2014, when the father came home drunk, kicked and hit her, and engaged in a physical altercation with the child. The father admitted that on the night in question, he and the mother and the child "pushed each other" and he "had been drinking."

To establish neglect, the petitioner must establish, by a preponderance of the evidence, that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (*see* Family Ct Act § 1012 [f] [i] [B]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). Acts of domestic violence in the presence of children may establish neglect (*see Matter of Joshua V. [Rahsaan J.]*, 137 AD3d 1153, 1153-1154 [2016]). Further, "[n]eglect may be established by even a single incident of excessive corporal punishment" (*Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d 874, 875 [2013]).

Here, the father's conduct constituted neglect, which established that his reunification with the child is not viable. Accordingly, that branch of the mother's motion which sought a finding that reunification of the child with one of her parents is not viable due to paternal neglect should have been granted.

The mother's remaining contentions need not be addressed in light of our determination. Leventhal, J.P., Chambers, Hinds-Radix and Connolly, JJ., concur.