■ In the Matter of CARLOS A.M., Appellant, v MARIA T.M. et al., Respondents. [35 NYS3d 406]—

Appeal from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated May 5, 2015. The order, in effect, denied the petitioner's motion for an order making specific findings that reunification of the subject child, Nelsy V.M.M., with her father was not possible due to parental abuse, neglect, abandonment, or a similar basis found under state law, and that it would not be in the child's best interest to be returned to El Salvador.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petitioner's motion is granted, and it is found that reunification of Nelsy V.M.M. with her father is not possible due to parental abuse, neglect, abandonment, or a similar basis found under state law, and that it would not be in her best interest to return to El Salvador, her previous country of nationality and last habitual residence.

In May 2014, Carlos A.M. (hereinafter the petitioner) filed a petition pursuant to Family Court Act article 6 to be appointed guardian of Nelsy V.M.M. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that she is unmarried and under 21 years of age, that reunification with one or both of her parents is not possible due to parental abuse, neglect, abandonment, or a similar basis found under state law, and that it would not be in her best interest to be returned to El Salvador, her previous country of nationality and country of last habitual residence, so as to enable the child to petition the United States Citizenship and Immigration Services (hereinafter USCIS) for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27). In an order dated January 12, 2015, the Family Court granted the guardianship petition. Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings to enable the child to petition for SIJS. In an order dated February 5, 2015, made after a hearing, the court found that the child was under 21 years of age and unmarried, and, in effect, found that the child was dependent on the court. The court also found that "it is in [the child's] best interest to remain in the United States." However, the order did not make a finding that the child's reunification with one or both of her parents was not possible due to parental abuse, neglect, abandonment, or a similar basis found under state law.

In April 2015, USCIS denied a petition filed by the child for SIJS on the grounds that the order dated February 5, 2015 failed to find that reunification with one or both of her parents was not possible, or that it would not be in the child's best interest to be returned to El Salvador. Thereafter, the petitioner moved in the Family Court for an order making specific findings that reunification of the child with her father was not possible due to parental abuse, neglect, abandonment, or a similar basis found under state law, and that it would not be in the child's best interest to be returned to El Salvador. In an order dated May 5, 2015, the Family Court, in effect, denied the petitioner's motion.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not possible due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101 [a] [27] [J] [i]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interest to be returned to his or her previous country of nationality or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Based upon our independent factual review, the record establishes that the child's father is deceased, and therefore, reunification of the child with the father is not possible (see *Matter of Luis R. v Maria Elena G.*, 120 AD3d 581, 583 [2014]; *Matter of Emma M.*, 74 AD3d 968 [2010]).

Further, the Family Court erred with respect to its recital of the best interest element. The law does not require a finding that "it is in [the child's] best interest to remain in the United States," but that "it would not be in the [child's] best interest to be returned to [his or her] previous country of nationality or country of last habitual residence" (8 USC § 1101 [a] [27] [J] [ii]). Here, the record reflects that it would not be in the child's best interest to be returned to El Salvador, her previous country of nationality and last habitual residence.

Accordingly, the Family Court erred by, in effect, denying the petitioner's motion for an order making specific findings that reunification of the child with her father was not possible due to parental abuse, neglect, abandonment, or a similar basis found under state law, and that it would not be in the child's best interest to be returned to El Salvador. Since the record is sufficient for this Court to make its own findings of fact and conclusions of law, we find that reunification of the child with her father is not possible due to parental abuse, neglect, abandonment, or a similar basis found under state law, and that it would not be in her best interest to be returned to El Salvador, her previous country of nationality and last habitual

residence. Balkin, J.P., Roman, Cohen and Connolly, JJ., concur.