Appeal from an order of the Family Court, Suffolk County (George F. Harkin, J.), dated August 23, 2017. The order denied the father’s motion to amend a prior special findings order of that court dated December 7, 2016, in accordance with a “Request for Evidence” received from the United States Citizenship and Immigration Services in connection with the subject child’s petition for special immigrant juvenile status.
 

 Ordered that the order dated August 23, 2017, is reversed, on the facts, without costs or disbursements, and the father’s motion to amend the special findings order dated December 7, 2016, is granted to the extent of (1) deleting from the third numbered paragraph thereof the words “or has been committed to or placed in the custody of a state agency or department, or an individual or entity appointed by the state or Family Court,” and substituting therefor the words “since the Family Court granted the guardianship petition in this proceeding pursuant to Family Court Act § 661 (a) and the child is under 21 years of age, which constitutes the necessary declaration of dependency on a juvenile court (see Matter of Enis A.C.M. [Blanca E.M. — Carlos V.C.P.], 152 AD3d 690, 691 [2017])”; (2) deleting from the fourth numbered paragraph thereof the name “Veronica,” and substituting therefor the name “Juan”; (3) adding to the fourth numbered paragraph thereof, after the words “of at least ten years,” the words “(see Social Services Law § 384-b [5] [a])”; (4) adding to the fifth numbered paragraph thereof, after the words “removed from the United States,” the words “, where he has lived for more than 10 years,”; and (5) adding to the fifth numbered paragraph thereof, after the words “of his birth parent or parents,” the words “because the mother is unable to protect the child from harm by gang members in El Salvador, who had made specific threats of violence against the child’s sister (see Matter of Carlos A.M. v Maria T.M., 141 AD3d 526, 528-529 [2016]),” and the motion is otherwise denied.
 

 In April 2016, Juan R.E.M. (hereinafter the child) filed a petition pursuant to Family Court Act article 6 to have his father appointed as his guardian for the purpose of obtaining an order declaring that he is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with his mother is not viable due to parental abuse, neglect, or abandonment, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services (hereinafter USCIS) for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). In November 2016, the father moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. In an order dated December 7, 2016, the Family Court granted the guardianship petition. In a separate order, also dated December 7, 2016, the Family Court granted the father’s motion (hereinafter the special findings order).
 

 On December 30, 2016, the child submitted an 1-360 petition for SIJS to USCIS. Thereafter, USCIS sent the child a document entitled “Request for Evidence,” stating that the special findings order was deficient in several respects, and that additional information was needed to process the child’s SIJS petition. The father moved to amend the special findings order to address the deficiencies identified by USCIS. In an order dated August 23, 2017, the Family Court denied the father’s motion to amend the special findings order on the ground of lack of subject matter jurisdiction since the child, who was born in May of 1996, had turned 21 years old. The father appeals from that order.
 

 Where a child who consented to the appointment of a guardian after his or her 18th birthday turns 21, the court is divested of subject matter jurisdiction in the guardianship proceeding (see Matter of Lourdes B.V.I. v Jose R.D.L.C.Q., 144 AD3d 909, 910 [2016]; Matter of Maria C.R. v Rafael G., 142 AD3d 165, 170 [2016]). However, where the guardianship petition was granted prior to the child’s 21st birthday, there is no jurisdictional impediment to the issuance of an order making the requisite declaration and specific findings to enable the child to petition for SUS (see Matter of Alejandro V.R v Floyland V.D., 150 AD3d 741 [2017]; Matter of Maria C.R. v Rafael G., 142 AD3d at 174). Here, since the guardianship petition was granted on December 7, 2016, prior to the child’s 21st birthday, the Family Court improperly determined that it lacked subject matter jurisdiction to entertain the father’s motion to amend the special findings order.
 

 Furthermore, under the circumstances presented, we deem it appropriate to grant the father’s motion to amend the special findings order to clarify that the Family Court exercised its jurisdiction to grant the guardianship petition in this proceeding pursuant to Family Court Act § 661 (a) and the child is under 21 years of age, which constitutes the necessary declaration of dependency on a juvenile court (see Matter of Enis A.C.M. [Blanca E.M. — Carlos V.C.P.], 152 AD3d 690, 691 [2017]). We also deem it appropriate to amend the special findings order to specify that it would not be in the best interests of the child to be removed from the United States, where he has lived for more than 10 years, and returned to El Salvador because the mother is unable to protect the child from harm by gang members in El Salvador, who had made specific threats of violence against the child’s sister (see Matter of Carlos A.M. v Maria T.M., 141 AD3d 526, 528-529 [2016]). Since the special findings order set forth the basis for its finding that reunification of the child with the mother was not viable on the ground of parental abandonment, stating that “[the] mother evinced her intent to forego parental rights and responsibilities when she failed to emotionally and financially support [the child] for a period of at least ten years,” we do not deem it appropriate to amend that finding, except to correct the name of the subject child and to add a citation to Social Services Law § 384-b (5) (a).
 

 Balkin, J.P., Maltese, Barros and Connolly, JJ., concur.