*Celso Monterroso Romero v. Josefa Perez*, No. 2477, September Term 2016

Filed March __, 2018.

**HEADNOTES:**

**Aliens, Immigration, and Citizenship – Special Immigrants – Burden of Proof**

Special Immigration Juvenile (SIJ) status petitioners must prove each of the SIJ factors by a preponderance of the evidence. 8 U.S.C. § 101(a)(27)(J); 8 C.F.R. § 204.11.

**Aliens, Immigration, and Citizenship – Special Immigrants – Procedure**

The circuit court, when petitioned by an applicant seeking SIJ status, must make individual factual findings on each of the factors required by 8 C.F.R. § 204.11.

Circuit Court for Baltimore City
Case No. 24-D-15-002928

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2477

September Term, 2016

_____

CELSO MONTERROSO ROMERO

v.

JOSEFA PEREZ

_____

Eyler, Deborah S.,
Leahy,
Friedman,

JJ.

_____

Opinion by Friedman, J.
_____

Filed: April 4, 2018

Appellant, Celso Romero, appeals a circuit court finding that his son, R.P., was not neglected, abused, or abandoned by his mother in Guatemala. Because the circuit court made the necessary factual findings to support its ruling, we affirm.

## DISCUSSION

R.P. was born to Celso Romero and Josefa Perez in Quetzaltenango, Guatemala, in 1998. Romero immigrated to the United States and has resided in Baltimore since 2004. R.P. was raised by Perez until he joined his father in the United States in 2015. R.P. then began the application process for Special Immigration Juvenile ("SIJ") status to seek lawful permanent residence in the United States.[1]

To begin the process of obtaining SIJ status, immigrants already residing in the United States must obtain five findings from a state court:

1)      The juvenile is under the age of 21 and unmarried;

2)      The juvenile is dependent on the court or has been placed under the custody of an agency or an individual appointed by the court;

3)      The court has jurisdiction under state law to make judicial determinations about the custody and care of juveniles;

4)      Reunification with one or both of the juvenile's parents is not viable due to abuse, neglect, or abandonment or a similar basis under state law; and

5)      It is not in the "best interest" of the juvenile to be returned to his parents' previous country of nationality.

---

[1] Because this case arose as a custody petition, Perez is styled as the defendant below and the appellee here. She did not respond to Romero's initial motion or this appeal. Additionally because it arose as a custody petition, this appeal was designated for expedited treatment pursuant to Rule 8-207(a). Because the instant appeal is from denial of SIJ findings, not "from a judgment granting, denying, or establishing custody," the designation was subsequently withdrawn.

*In re Dany G.*, 223 Md. App. 707, 714-15 (2015) (citing 8 C.F.R. § 204.11). Circuit courts are required to take evidence and make individual factual findings on each of these factors when they are petitioned by an immigrant applying for SIJ status. *Id.* The circuit courts, sitting as juvenile courts, retain jurisdiction over these matters until the petitioner is 21 years old. Md. Code Family Law ("FL") § 1-201(a).

The Circuit Court for Baltimore City placed R.P. under the custody of Romero (Factor #2) and made three of the other four findings required for SIJ status: that R.P. was under the age of 21 and unmarried (Factor #1); that the circuit court had the authority to make determinations for juveniles (Factor #3); and that it was not in R.P.'s best interests to return to Guatemala (Factor #5). The court was not persuaded that R.P. had been the victim of neglect, abandonment, or abuse (Factor #4) and therefore, it declined to rule in favor of Romero. In so ruling, the court (1) correctly noted that no decision of this Court or the Court of Appeals has identified the applicable burden of proof in SIJ cases; (2) considered applying either the "preponderance of the evidence" standard or the heightened "clear and convincing evidence" standard; and (3) determined that Romero had failed to persuade the court under either burden of proof that R.P. was a victim of neglect, abandonment, or abuse. We will first determine the proper burden of proof for SIJ findings, then determine whether it was applied here.

I.     **Burden of proof**

Romero argues that the court erred by using the clear and convincing evidence standard, causing the court improperly to find that Romero failed to prove neglect. We agree that it would have been error to apply the clear and convincing standard and hold that

Maryland law requires courts to apply the preponderance of the evidence standard to SIJ petitions.

We begin by noting that we write on a blank slate; neither federal law nor existing Maryland law specifies a standard of proof for SIJ cases. Federal law simply requires a finding of neglect, abandonment, or abuse of the juvenile "under state law," 8 C.F.R. § 204.11. The U.S. Citizenship and Immigration Services ("USCIS") Policy Manual instructs state courts to "follow their state law on … evidentiary standards," but does not specify a standard. USCIS Policy Manual Pt. J Ch. 3(a)(2) (2017), https://perma.cc/N855-YEQA. While Maryland requires that courts with jurisdiction over juveniles entertain SIJ petitions and make the five factual determinations required by SIJ petitions, FL § 1-201(b)(10), there is no statutorily designated standard of proof for these findings. Moreover, as the trial court noted, there are no reported appellate opinions selecting a burden of proof.

We are persuaded, however, that applying the preponderance of the evidence standard to SIJ petitions is consistent with Maryland law. The preponderance standard is "generally applicable in civil and administrative proceedings."[2] *Meyers v. Montgomery Cnty. Police Dep't*, 96 Md. App. 668, 691 (1993) (discussing appropriate burdens of proof in the absence of a legislatively designated standard). The General Assembly has determined that the appropriate burden of proof for juvenile matters, with some enumerated

---

[2] The heightened clear and convincing standard is generally reserved for situations "when the government seeks to take [an] unusual coercive action." *Coleman v. Anne Arundel Cnty. Police Dep't*, 369 Md. 108, 143 (2002).

exceptions, is the preponderance of the evidence standard. Md. Code Courts § 3-817(c) (in Child In Need of Assistance ("CINA") cases); § 3-8A-18(e) (in non-CINA cases). Our courts also use the preponderance of the evidence standard in the custody and visitation context, when a court is required to make a finding of neglect. *Michael Gerald D. v. Roseann B.*, 220 Md. App. 669, 683 (2014). In such cases, the court may not grant a parent visitation if the court believes, by a preponderance of the evidence, that there is reason to believe that a parent neglected or abused the child. *Id.* at 685. Maryland law generally applies the preponderance of the evidence standard to juvenile cases, and because there is no statutory exception for SIJ petitions, we think that the preponderance standard is appropriate here.[3]

Our review of other state courts' treatment of SIJ petitions supports the conclusion that the preponderance standard is appropriate. For example, New York courts have adopted the preponderance of the evidence standard for SIJ cases. *In re Ena S.Y.*, 34 N.Y.S.3d 99, 101 (N.Y. App. Div. 2016). Texas uses a catch-all preponderance of the evidence standard for juvenile proceedings, including SIJ cases. Tex. Fam. Code § 105.005. Other states specify higher burdens of proof for individual factors in the SIJ analysis, but only as is required to comport with pre-existing state statutes. *In re Y.M.*, 144 Cal. Rptr. 3d 54, 73-74 (Cal. Ct. App. 2012) (adopting the clear and convincing standard

---

[3] We also note that the role of the state courts in the SIJ procedure is to make preliminary findings to aid USCIS in making final immigration decisions. *Simbaina v. Bunay*, 221 Md. App. 440, 453 (2015). USCIS, the federal agency tasked with reviewing these applications, also applies a preponderance of the evidence standard when it conducts an administrative review of an immigration determination. *Matter of Chawathe*, 25 I&N 369 (AAO 2010).

to justify termination of court-ordered family reunification services to comply with Cal. Welf. & Inst. Code § 388(c)(1)(A)(3)); *In re Guardianship of Guaman*, 879 N.W.2d 668, 672 (Minn. Ct. App. 2016) (adopting the clear and convincing evidence standard for appointment of a guardian to comply with Minn. Stat. § 524.5–310(a)). Because no pre-existing Maryland law compels the application of the clear and convincing standard, we hold that applying a clear and convincing standard in SIJ petitions would be inappropriate.

Finally, we note that Maryland law is animated by the purpose of "protect[ing] children who have been the subject of abuse or neglect." FL § 5-702. We think that the preponderance of the evidence standard, rather than the heightened clear and convincing standard, will protect more children and will better protect juvenile victims of abuse, neglect, or abandonment. We, therefore, hold that preponderance of the evidence is the proper standard for a circuit court addressing the mandatory factual findings in an SIJ petition. That holding, however, does not resolve this case.

## II. The present case

As described above, Romero argues that the circuit court erred by applying the higher clear and convincing standard rather than the preponderance of the evidence standard. We do not think that is what happened here. The circuit court in this case expressed confusion about the applicable standard, but ultimately found that the evidence presented by Romero did not establish neglect by any standard:

> With respect to the SIJ findings … we obviously … do this all the time. [Appellate courts have] never set a [standard] … for the burden [of proof] or the evidence that needs to be met … . If the Court is going to make a finding against reunification with a parent, there has to be clear and convincing evidence.

5

\*     \*     \*

And at this point, regardless of what standard … you use, the standard can't be 50/50. And that's really where I am.

\*     \*     \*

But again, at best, I have a 50/50—and maybe Mom was properly caring for him; maybe she wasn't. And at that level of evidence, I can't make a finding that reunification is not viable [due to neglect].

Over and over, the circuit court described the evidence as "50/50," by which it meant that it was in equipoise, perfectly balanced between believing that R.P. *was* neglected and believing that R.P. *was not* neglected. That is insufficient to satisfy the preponderance of the evidence standard, which is defined as being more likely than not, *Mathis v. Hargrove*, 166 Md. App. 286, 311 (2005), or "greater-than-fifty percent." *Muti v. Univ. of Md. Med. Sys.*, 197 Md. App. 561, 583 n.13 (2011). "50/50" is even less close to satisfying the clear and convincing evidence standard. Thus, we hold that the court, despite some misstatements, actually applied the correct standard.

Finally, we turn to the court's factual findings, which we review for clear error, giving due regard to the court on the weight and credibility of evidence. *Kusi v. State*, 438 Md. 362, 383 (2014). We do not think it was error for the court to determine that Romero had not adduced credible evidence sufficient for the court to make a finding of neglect by any evidentiary standard. We affirm.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

6