Matter of Argueta v Santos (2018 NY Slip Op 07424)





Matter of Argueta v Santos


2018 NY Slip Op 07424


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2018-04258
 (Docket No. V-6078-15)

[*1]In the Matter of Santos D. Interiano Argueta, appellant, 
v
Reina E. Alvarenga Santos, respondent.


Bruno J. Bembi, Hempstead, NY, for appellant.
Amoachi & Johnson, PLLC, Bayshore, NY (Ala Amoachi of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated February 26, 2018. The order denied the motion of the subject child and the father to amend a prior special findings order of the same court (Merik R. Aaron, J.) dated February 22, 2016.
ORDERED that the order dated February 26, 2018, is modified, on the facts, by deleting the provision thereof denying the motion to amend the special findings order dated February 22, 2016, and substituting therefor a provision granting the motion to the extent of (1) deleting from the second paragraph thereof the words " to make judicial determinations about the custody and care of juveniles' within the meaning of Section 101(a)(27)(J) of the Immigration and Nationality Act ( INA'), 8 U.S.C. § 1101(a)(27)(J), and 8 C.F.R. § 204.11(a)," and substituting therefor the words "to determine proceedings for the custody of minors (see Family Ct Act § 651[a])"; (2) deleting from the fourth paragraph thereof the words "or a similar basis found under state law under INA § 101(a)(27)(J), 8 U.S.C. § 1101(A)(27)(J)"; (3) adding to the fourth paragraph thereof, after the words "neglected him for 4 years," the words "(see Family Ct Act § 1012[f][i][A])"; and (4) deleting from the fifth paragraph thereof the words "within the meaning of Section 101(a)(27)(J) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(27)(J), and 8 C.F.R. § 204.11(d)(2)(iii)," and substituting therefor the words "because the mother is unable to protect the child from harm by gang members in El Salvador, who had made threats of violence against him (see Matter of Juan R.E.M. [Juan R.E.], 154 AD3d 725, 726-727)," and otherwise denying the motion; as so modified, the order dated February 26, 2016, is affirmed, without costs or disbursements.
In June 2016, the father filed a petition pursuant to Family Court Act article 6 for custody of the subject child for the purpose of obtaining an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services (hereinafter USCIS) for special immigrant juvenile status (hereinafter SIJS) pursuant to the Immigration and Nationality Act (8 USC § 1101[a][27][J]). The child moved for the issuance of an order making the requisite declaration and specific findings so as to enable him to petition for SIJS. In an order dated February 22, 2016, the Family Court granted the child's motion.
Thereafter, the child submitted an I-360 petition for SIJS to USCIS. Although the I-360 petition was initially approved, USCIS thereafter advised the child of its intention to "revoke the approval" based upon certain deficiencies in the special findings order. The child then moved [*2]to amend the special findings order to address the deficiencies, and the father joined in the motion. In an order dated February 26, 2018, the Family Court denied the motion to amend the special findings order. The father appeals from the order dated February 26, 2018.
Initially, since the father joined in the child's motion to amend the special findings order, the father is aggrieved by the order denying that motion (see Matter of Moriches Inlet Estates Prop. Owners Assn. v Town of Brookhaven, 2 AD3d 641, 642; Ciraolo v Melville Ct Assoc., 221 AD2d 582, 582).
Under the circumstances presented, we deem it appropriate to amend the special findings order to clarify that the basis for the Family Court's exercise of jurisdiction over this custody proceeding is under New York State law pursuant to Family Court Act § 651(a). We also deem it appropriate to amend the special findings order to specify that it would not be in the best interests of the child to be returned to El Salvador because the mother is unable to protect the child from harm by gang members in El Salvador, who have made threats of violence against him (see Matter of Juan R.E.M. [Juan R.E.], 154 AD3d at 727). Since the special findings order set forth the basis for its finding that reunification of the child with the mother was not viable on the ground of parental neglect, stating that the mother "failed to financially provide for the child's basic[] needs and educationally neglected him for 4 years," we do not deem it necessary to amend that finding, except to clarify that the basis for that finding was under New York State law (see Family Ct Act § 1012[f][i][A]).
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court