Matter of Grechel L.J. (2018 NY Slip Op 08934)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Grechel L.J.

2018 NY Slip Op 08934

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-14806
2018-14808
(Docket No. G-11255-18)

[*1]In the Matter of Grechel L.J. (Anonymous), appellant.

The Legal Aid Society, New York, NY (Adriene Holder and Elizabeth Rieser-Murphy of counsel), for appellant.

DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the child appeals from two orders of the Family Court, Queens County (Margaret M. Mulrooney, Ct. Atty. Ref.), both dated December 13, 2018. The first order, after a hearing, dismissed the child's petition to appoint Cristina I. Q.-E. as guardian of the child. The second order denied the child's motion for the issuance of an order, inter alia, making specific findings so as to enable her to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the orders are reversed, on the law and the facts, without costs or disbursements, the petition to appoint Cristina I. Q.-E. as guardian of the child is reinstated and granted, Cristina I. Q.-E. is appointed as the guardian of the child, the child's motion for the issuance of an order, inter alia, making specific findings so as to enable her to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, it is declared that the child is dependent on a juvenile court, and it is found that the child is unmarried and under 21 years of age, that reunification with her father is not viable due to parental neglect, and that it would not be in the child's best interests to be returned to Nicaragua, her previous country of nationality and last habitual residence.
In June 2018, Grechel L. J. (hereinafter the child) filed a petition pursuant to Family Court Act article 6 to appoint Cristina I. Q.-E. (hereinafter the proposed guardian) as her guardian for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Thereafter, the child moved for the issuance of an order, inter alia, making the requisite declaration and specific findings so as to enable her to petition for SIJS. In two orders, both dated December 13, 2018, the Family Court dismissed the petition and denied the child's motion. The child appeals.
"When considering guardianship appointments, the infant's best interests are paramount" (Matter of Axel S.D.C. v Elena A.C., 139 AD3d 1050, 1051; see Matter of Alamgir A., 81 AD3d 937, 938). Here, the Family Court erred in determining that the proposed guardian should not be appointed (see generally Family Ct Act § 355.5[7][d][ii]; Social Services Law § 371[7]), as [*2]it failed to base its decision on any assessment of the credibility of the witnesses at the hearing, and failed to examine the facts of the case within the context of the required best interests analysis (see Family Ct Act § 661). Upon our independent factual review of the record, it is in the child's best interests to appoint the proposed guardian. Accordingly, we find that the guardianship petition should have been granted.
Furthermore, the Family Court should have granted the child's motion for the issuance of an order, inter alia, making the requisite declaration and specific findings so as to enable her to petition for SIJS. Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant juvenile is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a child to qualify for SIJS, a court must find that reunification of the child with one or both parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101[a][27][J][i]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795), and that it would not be in the child's best interests to be returned to his or her previous country of nationality or country of last habitual residence (see 8 USC § 1101[a][27][J][ii]; 8 CFR 204.11[c][6]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
Here, the child is under the age of 21 and unmarried, and since we have found that the proposed guardian should have been appointed as the child's guardian, a finding also should have been made that the child is dependent on a juvenile court within the meaning of 8 USC § 1101(a)(27)(J)(i) (see Matter of Maura A.R.-R. [Santos F.R.—Fidel R.], 114 AD3d 687, 689; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 796). Further, based upon our independent factual review, the record supports a finding that reunification of the child with her father is not a viable option due to parental neglect (see Matter of Axel S.D.C. v Elena A.C., 139 AD3d at 1052). The record demonstrates that the father inflicted excessive corporal punishment on the child, as the child stated in an affidavit in support of her motion that the father often struck her with his belt "with all of his force," leaving her with "really painful red marks on [her] skin," and that the father kicked the mother, in the presence of the child, "so hard that [the mother] was left with a limp and a bunch of bruises" (see Matter of Gurwinder S., 155 AD3d 959, 961; Matter of Ena S.Y. [Martha R.Y.—Antonio S.], 140 AD3d 778, 780). The record also reflects that the child's physical, mental, or emotional condition was impaired or in imminent danger of becoming impaired as a result of the father's misuse of alcoholic beverages, as the child averred that the father regularly drank alcoholic beverages to the point that he became "very angry and aggressive," that the father beat her and the mother when he returned to the house drunk, and that when the father drank she and her siblings "tried to hide from him because we were so scared" (see Family Ct Act § 1012[f][i][B]). Lastly, the record supports a finding that it would not be in the best interests of the child to return to Nicaragua, the child's previous country of nationality or country of last habitual residence. The child averred that she was harassed by gang members in Nicaragua, who threatened to hurt her and "told me to watch myself," that she was afraid to go to the police "because the gang members had friends in the police," that she told her mother about the gang members, but her mother was unable to protect her, and that she was afraid that, if she returned to Nicaragua, the gang members "will carry out the threats they made to me" (see Matter of Argueta v Santos, __AD3d__, 2018 NY Slip Op 07424 [2d Dept 2018]).
Accordingly, the Family Court should have granted the guardianship petition and the child's motion for the issuance of an order, inter alia, making the requisite declaration and specific findings so as to enable her to petition for SIJS.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court