Matter of Lucas F.V. (Jose N.F.) (2019 NY Slip Op 01079)





Matter of Lucas F.V. (Jose N.F.)


2019 NY Slip Op 01079


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-04896
 (Docket No. G-00769-18)

[*1]In the Matter of Lucas F.. (Anonymous), appellant; Jose N.F. (Anonymous), respondent.


Binder & Schwartz LLP, New York, NY (Neil S. Binder and Tessa B. Harvey of counsel), for appellant.



DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the subject child appeals from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated March 15, 2018. The order, after a hearing, denied the child's motion for the issuance of an order, inter alia, making specific findings so as to enable him to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is reversed, on the facts, without costs or disbursements, the child's motion for the issuance of an order, inter alia, making specific findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, and it is found that reunification of the subject child with his father is not viable due to parental neglect and that it would not be in the child's best interests to return to El Salvador, his previous country of nationality and last habitual residence.
In December 2017, Lucas F. V. (hereinafter the child) filed a petition in the Family Court, Nassau County, pursuant to Family Court Act article 6 to have his mother appointed as his guardian for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). In an order dated March 12, 2018, the Family Court granted the guardianship petition appointing the mother as the child's guardian. Thereafter, the child moved for the issuance of an order, inter alia, making the requisite declaration and specific findings so as to enable him to petition for SIJS. In an order dated March 15, 2018 (hereinafter the March 2018 order), made after a hearing, the Family Court found that the child was under 21 years of age, unmarried, and dependent on the court, but denied the motion on the ground that the child failed to establish that his reunification with the father was not viable due to parental abandonment, neglect, or abuse, and that it would not be in the child's best interests to return to El Salvador, his previous country of nationality and last habitual residence. The child appeals from the March 2018 order.
Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant juvenile is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed [*2]by a state or juvenile court. Additionally, for a child to qualify for SIJS, a court must find that reunification of the child with one or both parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101[a][27][J][i]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795), and that it would not be in the child's best interests to be returned to his or her previous country of nationality or country of last habitual residence (see 8 USC § 1101[a][27][J][ii]; 8 CFR 204.11[c][6]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
"While the credibility assessment of a hearing court is accorded considerable deference on appeal, where, as here, the Family Court's credibility determination is not supported by the record, this Court is free to make its own credibility assessments and overturn the determination of the hearing court" (Matter of Dennis X.G.D.V., 158 AD3d 712, 714 [citations omitted]). Based upon our independent factual review, the record supports a finding that reunification of the child with the father is not a viable option due to parental neglect (see Matter of Ena S.Y. [Martha R.Y.—Antonio S.], 140 AD3d 778, 780). The record demonstrates that when the child lived with the mother and the father in El Salvador, the father would physically mistreat the mother in the presence of the child by hitting her with objects such as a book and shoes, causing her bruising, and that, when the child attempted to defend the mother, the father would hit the child. The child also averred in his affidavit that "[w]hen [the father] would get angry, which was often, he became very violent toward me, yelling at me and punching me," and the mother indicated that she had to send the child to live with his maternal grandmother in El Salvador because she was afraid of what the father would do to the child. The record also demonstrates that the father had provided no financial support for the child since the child was 10 years old. Thus, the father's conduct, including acts of domestic violence perpetrated in the presence of the child, constituted neglect (see Matter of Malachi M. [Mark M.], 164 AD3d 794, 795; Matter of Melady S. [Elio S.], 144 AD3d 926, 927-928), which established that the child's reunification with the father is not viable (see Matter of Ena S.Y. [Martha R.Y.—Antonio S.], 140 AD3d at 780).
The record also does not support the Family Court's determination that the child failed to show that it would not be in his best interests to return to El Salvador. The child testified that gang members in El Salvador tried to recruit him, but he refused to join, that after his refusal to join, the gang members threatened and assaulted him multiple times, "hurt me[ ] very bad," "left me on the streets after they beat me up," and would have killed him on one occasion if not for a police patrol "coming by that moment," that he was afraid to go outside after the incident when he was almost killed, and that "if I go back [to El Salvador] they will kill me" (see Matter of Argueta v Santos, 166 AD3d 608; Matter of A.M.G. v Gladis A.G., 162 AD3d 768). The mother's testimony at the hearing supported the child's testimony.
Accordingly, the Family Court should have granted the child's motion for the issuance of an order, inter alia, making the requisite specific findings so as to enable him to petition for SIJS. Inasmuch as the record is sufficient for this Court to make its own findings of fact and conclusions of law, we find that reunification of the child with his father is not viable due to parental neglect, and that it would not be in the child's best interests to return to El Salvador.
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court