Matter of Khan v Shahida Z. (2020 NY Slip Op 03480)





Matter of Khan v Shahida Z.


2020 NY Slip Op 03480


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Richter, J.P., Kapnick, Webber, Gesmer, Moulton, JJ.


11734 -18

[*1] In re Akramul I. Khan, Petitioner-Appellant,
v
Shahida Z., et al., Respondents-Respondents.


Law Office of Genet Getachew, Brooklyn (Genet Getachew of counsel), for appellant.



Order, Family Court, Bronx County (Jennifer S. Burtt, Referee), entered on or about August 30, 2018, which denied petitioner and the subject child's motion for an order of special findings enabling the child to petition for Special Immigrant Juvenile Status, unanimously reversed, on the law and the facts, without costs, and the motion granted.
The evidence shows that the subject child was unmarried and under the age of 21 at the time of the special findings hearing and order (see generally 8 USC § 1101[a][27][J]; 8 CFR 204.11[c]; Matter of Marisol N.H., 115 AD3d 185, 188-189 [2d Dept 2014]). The Family Court's appointment of a guardian rendered the child dependent on a juvenile court (see Matter of Antowa McD., 50 AD3d 507 [1st Dept 2008]).
The evidence also established that reunification with the child's parents was not viable due to neglect or abandonment. The child testified that, with no prior warning, his father left him in the United States with his uncle (petitioner), and that his parents later told him that they could not support him and did not want him back. The child further stated, and petitioner corroborated, that he had only occasional contact with his parents, and received no gifts or support from them, since coming here. This was sufficient to "evince[] an intent to forego . . . parental rights and obligations" or a failure to exercise a minimum degree of care to supply the child with adequate food, clothing, shelter, education, or supervision (Social Services Law § 384-b[5][a]; see Family Ct Act § 1012[f][i], [ii]; Antowa McD., 50 AD3d at 507).
In determining whether reunification was viable, the Family Court should not have refused to consider evidence of circumstances which occurred after the child's 18th, but before his 21st, birthday (see Family Court Act § 661[a]; 8 CFR 204.11[c][1]; Matter of Goran S., 152 AD3d 698, 700 [2d Dept 2017]; Matter of Sing W.C. [Sing Y.C.-Wai M.C.], 83 AD3d 84 [2d Dept 2011]).
The evidence also demonstrated that it is not in the best interests of the child to return to Thailand, where his parents reside, or to be sent to live in Bangladesh, where he has citizenship but has never resided. The child presented evidence that his parents would not accept him if he returned to Thailand, that his Thai visa was on the verge of expiring and he had no way to renew it, and that he had no other place to live or way to support himself in Thailand or Bangladesh (see [*2]Matter of Alamgir A., 81 AD3d 937, 940 [2d Dept 2011]). He also presented evidence that he was doing well in petitioner's care (see Antowa McD. at 507; Matter of Marcelina M.-G. v Israel S., 112 AD3d 100, 114-115 [2d Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK