Matter of Sara D. v Lassina D. (2022 NY Slip Op 04119)

Matter of Sara D. v Lassina D.

2022 NY Slip Op 04119

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Gische, J.P., Kern, Mazzarelli, Singh, Rodriguez, JJ. 

Docket No. G-01491/21 Appeal No. 16201 Case No. 2021-02690 

[*1]In the Matter of Sara D. Petitioner-Appellant, a Person Under 21 Years of Age, etc.,
v
Lassina D. et al., Respondents.

The Door Legal Services Center, New York (Hannah Weichbrodt of counsel), for appellant.

Order, Family Court, Bronx County (Aija M. Tingling, J.), entered on or about June 22, 2021, which to the extent appealed from as limited by the briefs, upon granting petitioner's motion for appointment of respondent Seydou D. as her guardian and for an order making special findings for purposes of her application for special immigrant juvenile status (SIJS), denied the application to the extent it sought a special finding that reunification of petitioner with respondent father Lassina D. is not viable, unanimously reversed, on the law, without costs, the application granted to the extent appealed and the special findings order amended to further find that reunification with the father is not viable due to neglect.
Petitioner is a 17-year-old, unmarried minor, who was born in the Ivory Coast and has been living with her cousin in the United States since 2019. We agree with Family Court's special findings of fact that support petitioner's application for SIJS relief pursuant to 8 USC § 1101 (a) (27) (J), including that reunification of petitioner with one of her parents, her mother, is not viable because her mother is deceased (see Matter of Carlos A.M. v Maria T.M., 141 AD3d 526, 528 [2d Dept 2016]).
However, Family Court erred in not making any findings of fact as to reunification with petitioner's father. Exercising our power to review the record and to make our own factual determinations (see Matter of Luis R. v Maria Elena G., 120 AD3d 581, 581-582 [2d Dept 2014]), we find that the record supports a finding that reunification of petitioner with her father, respondent Lassina D., is not viable due to neglect within the meaning of Family Court Act § 1012 (f)(i) (A)—(B). Petitioner's testimony shows that the father did not meet the minimal degree of care since he did not provide for her medical and emotional needs while she was in the Ivory Coast, and has not contributed to her financial support or maintained regular contact with her since she has been in the United States (see Matter of Khan v Shahida Z., 184 AD3d 506, 506-507 [1st Dept 2020]; Matter of LeVonn G. [Cecelia G.], 20 AD3d 530 [2d Dept 2005]). Her uncontroverted testimony also supports a finding of neglect based on the father's excessive use of corporal punishment (see Matter of Aniya C. [Michelle C.], 99 AD3d 478, 479 [1st Dept 2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022