Matter of Eriseldo C. (Rezart V.--Dashmir C.) (2023 NY Slip Op 03209)

Matter of Eriseldo C. (Rezart V.--Dashmir C.)

2023 NY Slip Op 03209

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Kern, J.P., Kennedy, Scarpulla, Pitt-Burke, Higgitt, JJ. 

File No. 193728 Docket No. G-3493/21 Appeal No. 16988 Case No. 2022-03708 

[*1]In the Matter of Eriseldo C., A Person Under the Age of 21 years, etc. Rezart V., Petitioner-Appellant Dashmir C., et al., Respondents.

Turturro Law, P.C., Brooklyn (Natraj S. Bhushan of counsel), for appellant.

Order, Family Court, Bronx County (Aija M. Tingling, J.), entered on or about May 20, 2021, which denied petitioner and the subject child's motion for an order of special findings enabling the child to petition for Special Immigrant Juvenile Status, unanimously reversed, on the law and the facts, without costs, and the motion granted nunc pro tunc.
The evidence shows that the subject child was unmarried, under the age of 21, and dependent on a juvenile court at the time of the special findings order (see generally 8 USC § 1101[a][27][J]; 8 CFR 204.11; Matter of Carlos A.M. v Maria T.M., 141 AD3d 526 [2d Dept 2016]).
Exercising our power to review the record and make our own factual determination (see Matter of Luis R. v Maria Elena G., 120 AD3d 581, 581-583 [2d Dept 2014]), we find that the record further supports a finding that reunification with the child's parents is not viable within the meaning of Family Court Act § 1012(f)(i)(A)-(B) and Social Services Law § 384-b(5)(a). The hearing testimony established that the child's parents have not contributed to his financial support or maintained contact with him since he came to the United States (see Matter of Sara D. v Lassina D., 206 AD3d 553, 553-554 [1st Dept 2022]; Matter of Khan v Shahida Z., 184 AD3d 506, 506-507 [1st Dept 2020]).
We also find that it would not be in the child's best interests to return to Albania. In addition to his testimony regarding parental abandonment, the child testified that he had been the target of several assaults because of his family's political affiliation, and the parents were unable to protect him (see Matter of Juan R.E.M. [Juan R.E.], 154 AD3d 725, 727 [2d Dept 2017]). The child presented evidence that he is doing well in petitioner's care (see Khan v Shahida Z., 184 AD3d at 507).
The Decision and Order of this Court entered herein on December 29, 2022, is hereby recalled and vacated (see M-2023-01941) decided simultaneously herewith.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023