Matter of Sandy G.G.D. v Luis R.B.G. (2025 NY Slip Op 05013)

Matter of Sandy G.G.D. v Luis R.B.G.

2025 NY Slip Op 05013

Decided on September 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 18, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Docket No. G-02618/25|Appeal No. 4829|Case No. 2025-03999|

[*1]In the Matter of Sandy G.G.D. Petitioner-Appellant,
v
Luis R.B.G., Respondent-Respondent.

Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Genna D. Teitelbaum, Referee), entered on or about June 18, 2025, which dismissed petitioner's guardianship petition and motion for an order of special findings that would enable the subject child to petition for Special Immigrant Juvenile Status pursuant to 8 USC § 1101 (a)(27)(J), unanimously reversed, on the law and the facts, without costs, and the petition and motion granted nunc pro tunc.
Petitioner commenced this proceeding seeking to be appointed guardian of her severely disabled son, who at the time of the filing was 20 years old, until he reaches the age of 21. The subject child is nonverbal and unable to speak or write in any language or communicate through assistive technology or gestures. Petitioner and her son fled Venezuela in 2017 because it became increasingly difficult for her to find the medications her son needed.
It was error for Family Court to dismiss the petition. There is no question, based on the record before us, that the subject child's profound disabilities render him incapable of giving knowing consent to guardianship. However, the Attorney for the Child, the appointed legal representative, has the explicit authorization to take positions on behalf of the subject child, including the legal determination and consent to guardianship via substituted judgment (see similarly Matter of Elliot Z. [Joseph Z.], 165 AD3d 682, 683 [2d Dept 2018]; Matter of Caron C.G.G. [Alicia G. — Jasmine D.], 165 AD3d 476, 477 [1st Dept 2018]; 22 NYCRR 7.2[d]; Family Court Act § 661). It is further evident that guardianship is in the child's best interest (Matter of Chloe F.C. [Laura A.M.—Steven J.C.], 231 AD3d 426, 426 [1st Dept 2024]), and that he has been well cared for by his mother, who is his sole caregiver. Accordingly, we reinstate the petition and in so doing, grant guardianship to the child's mother.
With respect to petitioner's motion pursuant to 8 USC § 1101 (a)(27)(J), the evidence shows that the subject child was unmarried, under the age of 21, that reunification with the child's father was not possible due to the father's death, and that it was not in the child's best interest to return to his country of origin as there is no family member to return him to (see generally Matter of Eriseldo C., 217 AD3d 512, 513 [1st Dept 2023]; Matter of Carlos A.M. v Maria T.M., 141 AD3d 526 [2d Dept 2016]; 8 USC § 1101 [a] [27] [J] [i], [ii]; 8 CFR 204.11 [c] [6]). Additionally, pursuant to our power to review the record and make our own factual determinations (see Eriseldo C., 217 AD3d at 513), the child's profound disabilities render him incapable of giving consent to the guardianship. Given this determination, together with the Attorney for the Child's authority to consent on the child's behalf, the final requirement necessary for an order of special findings — namely, dependency on a juvenile court — has been met (see id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 18, 2025