Matter of Anuar S. A. O. (Yari C. B. M.--Lizeth O. M.) (2023 NY Slip Op 03353)

Matter of Anuar S. A. O. (Yari C. B. M.--Lizeth O. M.)

2023 NY Slip Op 03353

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
HELEN VOUTSINAS, JJ.

2023-00796
2023-05035
 (Docket No. G-5568-22)

[*1]In the Matter of Anuar S. A. O. (Anonymous).
and
Yari C. B. M. (Anonymous), appellant; Lizeth O. M. (Anonymous), respondent.

Bruno J. Bembi, Hempstead, NY, for appellant.

DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the petitioner appeals from two orders of the Family Court, Nassau County (Sharon N. Clarke, Ct. Atty. Ref.), both dated December 21, 2022. The first order dismissed, without a hearing, the petition to appoint the petitioner as the guardian of the subject child. The second order denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the orders are reversed, on the law, without costs or disbursements, the petition to appoint the petitioner as the guardian of the subject child is reinstated, and the matter is remitted to the Family Court, Nassau County, for an expedited hearing and a new determination thereafter of the petition and the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
In 2022, the petitioner, an alleged friend of the subject child's family, commenced this proceeding pursuant to Family Court Act article 6 to be appointed as the guardian of the child. Thereafter, the petitioner moved for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). In two orders, both dated December 21, 2022, the Family Court dismissed the petition and denied the petitioner's motion. The petitioner appeals.
Contrary to the Family Court's determination, there is no express requirement to submit certified copies of birth certificates or death certificates in a proceeding such as this pursuant to Family Court Act § 661(a) (see Matter of Jose S.S.G. [Elmer W.G.G.—Norma C.G.C.], ___ AD3d ___ [decided herewith]; Matter of Joel A.A.R. [Sara I.R.T.—Eddy A.A.G.], ___ AD3d ___, 2023 NY Slip Op 02881 [2d Dept]; see also Matter of Rosa Amanda L.R. v Carlos Arnoldo O.R., 189 AD3d 1250). Accordingly, since the court dismissed the petition without conducting a hearing or considering the child's best interests, we remit the matter to the Family Court, Nassau County, for an expedited hearing and a new determination thereafter of the petition and the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition [*2]for SIJS pursuant to 8 USC § 1101(a)(27)(J) (see Matter of Linares-Mendez v Cazanga-Payes, 183 AD3d 738; Matter of Olga L.G.M. [Santos T.F.], 164 AD3d 1341, 1342).
The petitioner's remaining contentions are improperly raised for the first time on appeal.
CONNOLLY, J.P., BRATHWAITE NELSON, CHAMBERS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court